Filed 3/25/24  In re G.A. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re G.A., a Person Coming Under the Juvenile Court Law. | B327590 consolidated with B329062 (Los Angeles County Super. Ct. No. 19LJJP00192B) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>D.A.,<br><br>        Defendant and Appellant. | |

APPEAL from orders of the Superior Court of the County of Los Angeles, Jennifer W. Baronoff, Judge Pro Tempore. Dismissed.

Janelle B. Price, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Stephen Watson, Senior Deputy County Counsel, for Plaintiff and Respondent.

_____

## I.     INTRODUCTION

G.A., mother of D.A. (the child), appeals from the orders of the juvenile court entered at the jurisdiction/disposition stage of this proceeding, challenging only whether the Department of Children and Family Services (the Department) complied with its duties of inquiry under the Indian Child Welfare Act of 1978 (ICWA, 25 U.S.C. § 1901 et seq.) and related California statutes (Welf. & Inst. Code[1] § 224 et seq.).  We conclude the appeals are moot.

_____

[1]     All further statutory references are to the Welfare and Institutions Code

2

## II.   FACTUAL AND PROCEDURAL BACKGROUND[2]

A.   *Detention and Petition*

On December 26, 2022, the Department received an expedited referral alleging neglect of the child by mother who had been arrested on a misdemeanor vandalism charge.

On December 29, 2022, the Department filed a section 300 petition alleging that mother had a history of engaging in violent and assaultive behaviors in the presence of the child, including the incident that led to her vandalism arrest, and that her behavior endangered the child.  The Department also alleged that mother failed to make an adequate plan for the care and supervision of the child while she was incarcerated which further endangered him.  The social worker attached an ICWA-010(A) form to the petition in which she stated that she had inquired about the child's Indian status and mother provided information that gave the social worker reason to believe that the child was or may be an Indian child.

In connection with the December 30, 2022, detention hearing, mother submitted an ICWA-020 form stating that the child was or may be a member of an Indian tribe, namely, "Cherokee."  At the hearing that day, the juvenile court acknowledged mother's claim of Cherokee heritage and directed the Department to follow up with her and conduct a detailed ICWA interview.  The court then asked mother which of her relatives had Cherokee heritage, and she said that she did not

[2]   Because mother raises only ICWA noncompliance on appeal, this background section is limited to matters relevant to that issue.

know but confirmed that she was not registered with any tribe. The court replied: "For now the court is finding it has no reason to know or believe that the [ICWA] applies to the child through either parent. However, [the Department] has an ongoing duty of further inquiry and obligation to investigate these claims throughout the pendency of the case. And the Department is to interview [mother] specifically with regard to Native American Heritage. [¶] . . . [¶] So the Department is to interview every known relative on both maternal and paternal sides of the family as well as any other participants as to any ancestry and prepare a narrative for the next hearing."

B. *Jurisdiction and Disposition*

In connection with the jurisdiction/disposition report, on January 26, 2023, a social worker interviewed mother, who stated that the child had "a lot of Cherokee heritage from his father's side of the family as his father's mother was a chieftain's daughter."[3] But she confirmed that no member of her family on either side was registered with a tribe and claimed that her family had received services from "United American Indian Involvement in Los Angeles . . . ." The social worker also

---

[3] At the December 30, 2022, detention hearing, the juvenile court found that Erik V. (father) was the alleged father of the child.

interviewed maternal grandmother and mother's two adult children,[4] Anthony M. and Anisa M., each of whom denied any Indian heritage. Anisa said, "'[Mother] will claim that, but it is not true.'"

In a last minute information filed on February 10, 2023, the Department included an excerpt from a report in an earlier dependency proceeding that included ICWA information provided by father. According to that excerpt, father told a social worker in that earlier proceeding that "a great grandmother was full-blooded Cherokee, and she lived on a reservation with her husband, [father's] great, great, uncle." The excerpt also stated that "paternal great aunt Nancy [O.] . . . reported that the relative in question was her 'grandfather's mother but [the Indian heritage is] very removed. She lived on the reservation most of her life, and made her own clothes.'"

The last minute information also stated that a social worker interviewed father's adult son, Anthony V., on January 31, 2023, who reported that he had "been told by his father that they had Cherokee or Blackfeet heritage, but that he was not sure which it was." The social worker also spoke to father's "maternal great aunt" who advised that "there [was] no [N]ative American heritage in their family."

At the initial jurisdiction hearing on February 16, 2023, the juvenile court asked maternal aunt, Kresta C., if anyone in her family had Native American ancestry, if any of her relatives received benefits from any tribes, or if any of her relatives ever lived on a reservation. Kresta C. answered no to all three

---

[4]     Although the social worker was aware that mother had a minor son, Jamie M., there is no indication in the record that he was interviewed regarding the child's Indian heritage.

inquiries.  The court issued, among others, an order suspending mother's visits[5] and continued the matter for further discovery.

On April 26, 2023, the juvenile court held a continued jurisdiction/disposition hearing.  During the hearing, the court raised an issue with the Department's counsel regarding ICWA and maternal aunt Kresta C., but then indicated that the issue was "something we can come back to."  The Department's counsel stated, "Yes . . . we can follow up," and the court replied, "Okay.  At this point, though, the court has no reason to know or believe that the [ICWA] applies."  The court sustained the petition, removed the child from mother, ordered him suitably placed, and granted mother monitored visits.

On April 27, 2023, mother filed an appeal from the jurisdiction and disposition orders (B329062).[6]

## III.   DISCUSSION

Mother challenges on appeal only whether the Department satisfied its inquiry duties under ICWA; she raises no issues about the juvenile court's order temporarily suspending her visits, the jurisdictional findings, or the disposition orders.  According to mother, the Department failed to comply with its duty of initial inquiry by failing to interview the child's sibling, Jamie M.; and failed to comply with its duty of further inquiry by:

---

[5]    That same day, mother filed a notice of appeal (B327590), but without specifying from which order she was appealing.

[6]    On August 11, 2023, we granted mother's motion to consolidate the appeal in case number B327590 with the appeal in case number B329060.

(1) relying on statements from maternal relatives contradicting mother's claims of Cherokee heritage and (2) failing to follow up on information that her family members received services from United American Indian Involvement.

The Department argues, among other things, that the appeal is moot because the inquiry duties under ICWA are continuing obligations and therefore that any perceived deficiencies in the Department's compliance thus far can be remedied during the normal course of the ongoing proceedings. We agree.

Given the procedural stage of this case, there will necessarily be further proceedings at which mother's complaints of noncompliance can be raised and addressed by the juvenile court in the first instance. We therefore conclude that mother's challenges are moot. (*In re Baby Girl M.* (2022) 83 Cal.App.5th 635, 638–639; *In re S.H.* (2022) 82 Cal.App.5th 166, 179 ["So long as proceedings are ongoing and all parties recognize the *continuing* duty of ICWA inquiry, both [the Department] and the juvenile court have an adequate opportunity to fulfill those statutory duties"].) We have also considered the factors bearing on discretionary review of moot questions as identified in *In re D.P.* (2023) 14 Cal.5th 266, at pages 286 through 287 and decline to exercise our discretion here.

7

## IV.   DISPOSITION

The consolidated appeals are dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM. J.

We concur:

BAKER, Acting P. J.

MOOR, J.